## 50370. EVANS et al. v. GOODYEAR TIRE & RUBBER COMPANY.

QUILLIAN, Judge.

Anthony Evans, an infant, by and through his next friend, Geraldine Evans and James H. Evans, individually, filed suit in Columbia Superior Court against Goodyear Tire & Rubber Company, d/b/a Goodyear Service Stores, Meredith R. King and Chain Bike Corporation. The defendants King and Chain Bike were served and filed answers within 30 days from date of service. The defendant Goodyear was served on March 12, 1974. On April 11, 1974, attorney for Goodyear and the attorney for the plaintiffs entered into a stipulation that the defendant Goodyear shall have 30 days from April 11, 1974, in which to file responsive pleadings to the petition. On May 28, 1974, the defendant Goodyear filed its answer to the petition and paid the court costs.

On June 12, 1974, the plaintiffs filed a motion for judgment on the pleadings on the ground that the defendant Goodyear had not filed an answer to the complaint in the manner required by law, thereby entitling the plaintiffs to default judgment. This case came on for hearing at which the trial judge entered an order overruling the plaintiffs' motion for judgment on the pleadings. After the denial of the motion the trial judge certified such order for immediate review and an appeal was taken to this court. *Held:*

In considering the question of whether the defendant, Goodyear, was entitled to file his complaint and answer on the day in question, the following statutory provisions are applicable: (1) Civil Practice Act § 12 provides: "A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." Code Ann. § 81A-112 (a) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). (2) Civil Practice Act § 6 (b) provides: "When by this Title or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the parties, by written stipulation of counsel filed in the action, may extend the period, or the court for cause

shown may at any time in its discretion (1) with or without motion or notice order the period extended if request therefor is made before the expiration of the period originally prescribed as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Code Ann. § 81A-106 (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230). (3) Civil Practice Act § 55 (a) provides: "If in any case an answer has not been filed within the time required by this Title, such case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter or right by the filing of such defenses within 15 days of the day of default upon the payment of costs." Code Ann. § 81A-155 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238).

We now apply these provisions to the chronological events which transpired in this case. Service was had on March 12, 1974. On April 11, 1974 (exactly 30 days after service was had) the parties stipulated that the time for filing responsive pleadings would be extended for 30 days. This they were entitled to do under Civil Practice Act § 6. Hence, May 11, 1974, was the final day for filing responsive pleadings under the stipulation. However, in this case May 11 fell on a Saturday. Under CPA § 6 (a) where the final day for filing a complaint or pleading falls on a Saturday or Sunday, the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday. In this case the time would occur on May 13, 1974. Since extension was had "as provided by law" default would occur when no pleadings were filed on May 13. Within 15 days after such period the defendant might as a matter of right open the default by the filing of defenses and the payment of costs. May 28, 1974, the date on which the defendant Goodyear filed its answer and paid the costs, was within fifteen days. It is therefore clear under the applicable law that the trial judge did not err in allowing the defendant to open default in the manner prescribed.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Argued March 11, 1975 — Decided May 16, 1975 — Rehearing denied June 12, 1975.

Henry R. Smith, for appellants.
Burnside, Dye & Miller, A. Rowland Dye, Patrick J. Rice, Thomas W. Tucker, for appellee.